IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARL EVANS,** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO.  24-1360 |
| | : | |
| **COMMISSIONER OF SOCIAL** | : | |
| **SECURITY,** *et al.*, | : | |

<u>**MEMORANDUM**</u>

**MURPHY, J.**                                                                                                  **May 20, 2024**

*Pro se* Plaintiff Carl Evans filed a Complaint against the Social Security Administration ("SSA") and the Commissioner of Social Security, alleging claims in connection with social security benefit reviews.  Mr. Evans seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Mr. Evans leave to proceed *in forma pauperis* and dismiss his complaint.

**I.        FACTUAL ALLEGATIONS**

The factual allegations in Mr. Evans's complaint are brief.  Mr. Evans alleges that Defendants are "harassing [him] and putting [his] mental health at risk."  (DI 1 at 2.)  He further alleges that "Mrs. Barros," presumably from the SSA, requested a "phone review."  *Id*. at 3.  However, despite telephone messages Mr. Evans allegedly left for Mrs. Barros beginning on March 23, 2024, she "refused" to call him back.  *Id*.  Mr. Evans states that he does not like Mrs. Barros's office and has had "bad dealing[s] with them in the past."  *Id*.  The SSA allegedly searched Mr. Evans's bank records without a warrant, which according to Mr. Evans, violated his rights.  *Id*.  Mr. Evans alleges that the SSA "never found any amount exceeding 2000," and that "this has been going on [for] 10 years" despite the fact that he allegedly already "won."  *Id*. at 4.  Based on these allegations, we understand Mr. Evans to assert Fourth Amendment claims

and harassment claims against Defendants. For relief, Mr. Evans requests that the SSA's reviews of his benefits be "stopped." *Id*. Mr. Evans does not request money damages.

**II.    STANDARD OF REVIEW**

The Court grants Mr. Evans leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Notwithstanding any filing fee, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Rule 12(b)(6). *Turner v. Spaley,* 501 Fed. Appx. 101, 102 (3d. Cir. 2012). Rule 12(b)(6) requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage, we will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations will not suffice. *Iqbal*, 556 U.S. at 678.

Additionally, the Court must determine whether it has subject matter jurisdiction. Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc*., 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). As Evans is proceeding *pro se*, we will construe his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.     DISCUSSION

We understand Mr. Evans to assert Fourth Amendment claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the vehicle by which a constitutional claim may be brought in federal court against a federal government actor. The claim appears to be based on the SSA's search of Mr. Evans's bank records, presumably in connection to its review of his benefits. *Bivens* claims must be brought against individual federal officials rather than a government agency such as the SSA. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Bistrian v. Levi*, 696 F.3d 352, 366 (3d. Cir. 2012) (explaining that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Even if Mr. Evans could bring a *Bivens* claim against the SSA Commissioner, the claim Mr. Evans seeks to raise nevertheless fails. Mr. Evans has "no Fourth Amendment-protected privacy interest in bank records voluntarily conveyed to the banks." *United States v. Hall*, 28 F.4th 445, 458 (3d Cir. 2022) (denying suppression of bank records); *see also United States v. Miller*, 425 U.S. 435, 442-43 (1976) (holding that there is no expectation of privacy in financial records held by a bank). Under the "third-party doctrine," an individual "has no legitimate expectation of privacy in information he voluntarily turns over to third parties." *Carpenter v. United States*, 585 U.S. 296, 308 (2018). This includes information provided to banks in connection with maintaining personal bank accounts. *See Miller*, 425 U.S. at 440-44. Because Mr. Evans has no expectation of privacy in his bank records, the SSA's request of those records allegedly in connection with review of his benefits does not support a plausible violation of his

Fourth Amendment rights. Accordingly, Mr. Evans's *Bivens* claims must be dismissed with prejudice.

Liberally construing the complaint, we understand Mr. Evans to also raise a harassment claim against defendants under the Federal Torts Claim Act ("FTCA"). The FTCA waives the United States's sovereign immunity for claims sounding in state tort law for money damages. 28 U.S.C. § 2674 (waiving sovereign immunity to make the United States liable "in the same manner and to the same extent as a private individual under like circumstances"); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004) (noting that the FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort") (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962)); *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456-57 (3d Cir. 2010) ("The FTCA operates as a limited waiver of the United States's sovereign immunity.").

Before coming to federal court, plaintiffs suing under FTCA must exhaust their administrative remedies first. 28 U.S.C. § 2675(a); *see also Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015) (stating that "[n]o claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim"). To exhaust their administrative remedies, a plaintiff must: 1) provide the appropriate agency with written notification of the incident and a claim for damages within two years after the claim accrues; and 2) allow the agency six months to consider the claims presented. 28 U.S.C. § 2401(b); 28 C.F.R. § 14.2. The plaintiff may then pursue remedies in court once the claim has "been finally denied by the agency" or if the agency fails "to make final disposition of a claim within six months after it is filed." 28 U.S.C. § 2675(a). Exhaustion is jurisdictional and cannot be waived. *Shelton*, 775 F.3d at 569. Mr. Evans has shown no

4

evidence that he exhausted his administrative remedies, so we must dismiss his claim for lack of subject matter jurisdiction.

Moreover, the FTCA does not provide injunctive relief.  *Redland Soccer Club v. Dep't. of the Army*, 55 F.3d 827, 848 n. 11 (3d. 1995) (declining plaintiffs' "FTCA request for remedial action" because that "remedy is not available against the United States under FTCA"); *Priovolos v. F.B.I.*, 632 F. App'x. 58, 59 n.1 (3d Cir. 2015) (*per curiam*) (summarily affirming the district court's analysis that the FTCA does not authorize federal courts to issue injunctions against the United States).  Because the FTCA does not provide injunctive relief, it may not serve as an exception to the United States's sovereign immunity. *See White-Squire*, 592 F.3d at 456 (3d Cir. 2010) (explaining that the FTCA provides a limited waiver that has been strictly construed and reasoning "we should not take it upon ourselves to extend the waiver").  Here, Mr. Evans seeks injunctive relief only — for the SSA to stop reviewing his benefits and requesting his bank records.  Because the FTCA does not provide injunctive relief, sovereign immunity is not waived, meaning we do not have subject-matter jurisdiction.

Finally, Pennsylvania does not recognize a tort cause of action for harassment.  *See DeAngelo v. Fortney*, 515 A.2d 594, 596 (Pa. Super. Ct. 1986) ("Pennsylvania courts have not heretofore recognized a separate tort of harassment."); *In re Olick*, No. 10-7492, 2011 WL 5075104, at *9 (E.D. Pa. Oct. 26, 2011) ("[H]arassment is not a recognized civil cause of action under Pennsylvania law"), *aff'd*, 504 F. App'x 189 (3d Cir. 2012).  Therefore, even if Mr. Evans were to overcome the hurdles discussed above and sue for money damages, his harassment claim against defendants under the FTCA would fail as there is no tort cause of action on point in Pennsylvania.

In general, leave to amend should be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  Here, however, amendment would be futile for the reasons discussed above, so leave to amend will not be given.

IV. **CONCLUSION**

For the foregoing reasons, the Court will grant Mr. Evans leave to proceed *in forma pauperis* and dismiss his complaint.  Mr. Evans's Fourth Amendment *Bivens* claims will be dismissed with prejudice.  His claims for injunctive relief under the FTCA will be dismissed without prejudice for lack of subject matter jurisdiction.  Leave to amend will not be given as any attempt to amend would be futile.